### JOHN SARGENT *vs.* ASA PEIRCE.

Under *St.* 1822, *c.* 93, § 7, which directs that notice of an attachment of a pew shall be given in writing, by the attaching officer, to the clerk of the parish or society holding the house in which the pew is situated — if a person owns more than one pew in the same house, an attested copy of the writ merely, without the return thereon, given by such officer to such clerk, is no notice as to what pew of such person the officer has attached.

A judgment creditor cannot acquire title to a pew on which his execution is levied, unless the execution itself is recorded, as well as the officer's return thereon.

WRIT of entry to recover a pew in the North Christian Meetinghouse in New Bedford.

The parties agreed the following facts : Ichabod Handy, being the owner of several pews in said house, mortgaged the pew in question, on the 19th of January, 1835, to the demandant, to secure payment of $171·61, in six months. The mortgage was duly recorded by the parish clerk, January 31st, 1835, and by the town clerk, January 23d, 1836. The demandant took possession of the pew, June 26, 1835, and demised it to a third person ; and on the 2d of August, 1837, took possession, in due form, for condition broken, and for foreclosure.

The tenant claims said pew by virtue of a supposed attachment and levy of execution. On the 27th of December, 1834, he sued out, and put into an officer's hands, a writ against Handy, with directions thereon to make a private attachment of all Handy's property in the officer's precinct. The officer returned thereon that he had attached all said Handy's real estate in the county of Bristol, and that he gave an attested copy of the writ, in hand, to William H. Stowell. Stowell was the clerk of the parish, but the paper, purporting to be a copy of the writ, thus left with him, did not contain the instructions to the officer, nor the officer's return ; and the plaintiff's name was written " Asa *Prince*." The indorsement, however, on the back of the copy was correct — " copy of a writ Asa Peirce vs. Ichabod Handy." No other notice of the attachment was given. Said Peirce recovered judgment in said action, at the

June term, 1835, of the court of common pleas. Within thirty days after judgment, the execution was levied on the said 'pew, in due form, and on the 11th of July, 1835, *the appraisers' and officer's return* were recorded by the parish clerk, and on the 14th of September, 1835, by the town clerk; but the execution itself was never recorded. The execution was, in due time, returned to the court from which it issued.

Judgment to be rendered for tenant, or for demandant, according to the opinion of the court as to the title to the pew.

*Page*, for the demandant.

*Colby*, for the tenant.

WILDE, J. Each party in this case claims title under one Ichabod Handy, the original owner of the pew demanded. The pew was mortgaged to the demandant the 19th of January, 1835, and the deed was afterwards recorded, and actual possession of the pew was taken by the demandant, on the 26th of the June following. The tenant claims under a previous attachment and a subsequent levy of an execution; so that the case depends on the validity of said attachment and levy.

By the 7th section of *St.* 1822, *c.* 93, it is provided, that " whenever a pew shall be attached or taken in execution, notice thereof shall be given in writing, by the attaching officer, to the clerk of the parish or religious society holding the church or meetinghouse, in which such pew is situated, or left at his dwellinghouse or usual place of abode." The only notice given of the tenant's attachment was an attested copy of the writ. There was no copy of the officer's return. There was therefore no notice as to what pew the officer had attached; and it is admitted that Handy owned more than one pew in the same meetinghouse. This we consider altogether an insufficient notice of the attachment. Neither the clerk, nor any party, was bound to inquire of the officer; and without such inquiry, it could not be ascertained what pew was attached. There was a mistake in the copy as to the plaintiff's name; but, without relying on that mistake, we think it clear that the notice was insufficient.

And we think it equally clear, that there has been no sufficient

record of the execution and the levy. By *St.* 1795, *c.* 53, § 1, all pews and rights in houses of public worship are declared to be real estate ; and by the second section, it is provided, that all deeds and conveyances of, and executions extended on, such pews and rights, may be recorded by the clerk of the town wherein the same are situated, and being so recorded, shall have the same effect in law, as if the same had been recorded in the registry of deeds. By *St.* 1831, *c.* 59, the provision is that all executions, and the returns thereon, levied on pews, or rights of seat, in any house of public worship owned by any parish or religious society, may be registered in the records of such society or proprietors.

By these statutes, all conveyances of pews and executions extended thereon, duly recorded by the clerk of any town, or registered in the records of the parish or religious society to which the house of public worship belongs, are to have the same effect as if the same were recorded in the registry of deeds. In the present case, the execution has never been recorded, which is a fatal defect in the tenant's title. Every thing essential to a statute title must appear of record. If, therefore, there were no legal objection to the validity of the attachment, still the tenant's title would be essentially defective.

*Judgment for the demandant*